J-A24005-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| JOSEPH A. PIOLE, AN INDIVIDUAL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES J. PUPICH, AN INDIVIDUAL | : | No. 1654 WDA 2019 |

Appeal from the Judgment Entered December 5, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD 06-23189

| | | |
|---|---|---|
| JOSEPH A. PIOLE, AN INDIVIDUAL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES J. PUPICH, AN INDIVIDUAL | : | |
| | : | |
| Appellant | : | No. 1697 WDA 2019 |

Appeal from the Judgment Entered December 5, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): G.D. 06-23189

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.: FILED OCTOBER 07, 2020

Appellant, Joseph A. Piole (hereinafter "Tenant"), appeals and Appellee,

Charles J. Pupich (hereinafter "Landlord"), cross-appeals from the December

5, 2019 judgment entered in favor of Tenant following a jury trial.[1]  We remand for the parties to supplement the record.

We need not set forth a lengthy recitation of the procedural and factual history of this case.  Instead, we briefly note that Tenant brought, inter alia, a breach of contract action against Landlord, after a commercial property owned by Landlord and leased to Tenant caught fire on September 29, 2004. Following a three-day jury trial, the jury returned a verdict in favor of Tenant, awarding him $120,500.00 for his breach of a written contract claim.  Landlord subsequently filed a post-trial motion, and Tenant filed a motion to mold the verdict to include prejudgment interest.  In October of 2019, the trial court denied both motions.  Tenant filed a timely notice of appeal, and Landlord filed a timely notice of cross-appeal.  Both parties timely complied with the trial

_____

[1] Tenant purports to appeal from the trial court's October 8, 2019 order denying his post-trial motion to mold the verdict, and Landlord claims to appeal from the trial court's October 23, 2019 order denying his post-trial motion.  An order denying post-trial motions is interlocutory and generally not appealable.  See Levitt v. Patrick, 976 A.2d 581, 584 n.2 (Pa. Super. 2009) (stating that an appeal properly lies from the entry of judgment, not from an order denying post-trial motions); Fanning v. Davne, 795 A.2d 388, 391 (Pa. Super. 2002) ("An appeal from an order denying post-trial motions is interlocutory.  An appeal to this Court can only lie from judgments entered subsequent to the trial court's disposition of post-verdict motions, not from the order denying post-trial motions.") (citations omitted).  However, because judgment was subsequently entered on December 5, 2019, we consider both parties' appeals as taken from the entry of judgment.  See Johnston the Florist, Inc. v. TEDCO Const. Corp., 657 A.2d 511, 514-15 (Pa. Super. 1995) (stating that appellate courts may "regard as done that which ought to have been done") (citations omitted).  We have amended the captions accordingly.

court's instruction to file Pa.R.A.P. 1925(b) concise statements of errors complained of on appeal.

Presently, Landlord raises the following issues for our review:

[1.] Whether the trial court erred when it did not enter [judgment notwithstanding the verdict ("JNOV")] when [Landlord] was entitled to judgment as a matter of law because [Tenant] never paid rent on the commercial lease [and], therefore, no consideration for the lease existed?

[2.] Whether the trial court erred when it did not enter [JNOV] on the limitations of the fire clause, which limited damages to ninety days of rent?

Landlord's Brief at 5 (unnecessary capitalization omitted).

Further, Tenant presents the following issue:

Whether the lower court erred in failing to award prejudgment interest on the breach of written contract award where the interest is based upon a sum that is fixed or has ascertainable monetary value in accordance with the Restatement (Second) of Contracts [§] 354(1)?

Tenant's Brief at 4.

Before proceeding to the merits of these issues, we must address deficiencies in the certified record. Troublingly, the certified record does not include the May 10-13, 2019 jury trial transcript, and we cannot locate the exhibits introduced by the parties at trial. This Court has explained,

the fundamental tool for appellate review is the official record of the events that occurred in the trial court. The law of Pennsylvania is well[-]settled that matters which are not of record cannot be considered on appeal.

A certified record consists of the "original papers and exhibits filed in the lower court, paper copies of legal papers filed with the prothonotary by means of electronic filing, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court[.]" Pa.R.A.P. 1921[.] We

can only repeat the well[-]established principle that our review is limited to those facts which are contained in the certified record and what is not contained in the certified record does not exist for purposes of our review.

Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty. In [Commonwealth v. Preston, 904 A.2d 1 (Pa. Super. 2006)], we explained that to facilitate an appellant's ability to comply with this requirement, our Supreme Court adopted the following procedural rule effective June 1, 2004:

> The clerk of the lower court shall, at the time of the transmittal of the record to the appellate court, mail a copy of the list of record documents to all counsel of record, or if unrepresented by counsel, to the parties at the address they have provided to the clerk. The clerk shall note on the docket the giving of such notice.

Pa.R.A.P. 1931(d). As the explanatory comment to Rule 1931 indicates, if counsel (or a party) discovers that anything material has been omitted from the certified record, the omission can be corrected pursuant to the provisions of Rule of Appellate Procedure 1926. Under Rule 1926, an appellate court may direct that an omission or misstatement shall be corrected through the filing of a supplemental certified record. However, this does not alter the fact that the ultimate responsibility of ensuring that the transmitted record is complete rests squarely upon the appellant and not upon the appellate courts.

Commonwealth v. Holston, 211 A.3d 1264, 1275-76 (Pa. Super. 2019)

(most internal citations and quotation marks omitted).

Here, because we have a cross-appeal, both parties have a responsibility for ensuring that the certified record on appeal is complete. We have previously explained that,

> [w]ith regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P. 1911(a). If a cross-appeal has been taken, the cross-

appellant shares the duty to order and pay for the necessary transcripts. Pa.R.A.P. 1911(b). When the appellant or cross-appellant fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review. It is not proper for either the Pennsylvania Supreme Court or the Superior Court to order transcripts[,] nor is it the responsibility of the appellate courts to obtain the necessary transcripts.

Preston, 904 A.2d at 7 (some internal citations omitted). See also Note to Pa.R.A.P. 1921 ("All involved in the appellate process have a duty to take steps necessary to assure that the appellate court has a complete record on appeal, so that the appellate court has the materials necessary to review the issues raised on appeal. Ultimate responsibility for a complete record rests with the party raising an issue that requires appellate court access to record materials.").

Here, the reproduced record contains the May 10-13, 2019 jury trial transcript, along with a few trial exhibits.[2] However, these items do not appear in the certified record. Despite their absence, other documents in the certified record refer to them and indicate that the trial court considered them in reaching its decision. For instance, the trial court entered a consent order stating that "[Landlord] shall file proposed findings of fact with transcript page numbers and exhibit numbers, along with a [m]emorandum of [l]aw within 30 days of receipt of the trial transcript and [Landlord's] counsel will notify [Tenant's] counsel when transcript is received." See Order, 6/26/19.

_____

[2] We note that the trial transcript in the reproduced record is not certified by the court reporter.

Accordingly, when Landlord and Tenant subsequently filed their proposed findings of fact and memoranda of law, their filings included citations to the trial transcript and exhibits entered into evidence at trial. Such circumstances lead us to conclude that the trial transcript and exhibits were excluded inadvertently or by error from the certified record, as it appears that both parties and the court contemplated them. Consequently, we remand this case for the parties to supplement the record in the trial court with these missing items within 14 days from the filing date of this memorandum. See Pa.R.A.P. 1926(b)(1) ("If anything material to a party is omitted from the record by error, breakdown in processes of the court, or accident or is misstated therein, the omission or misstatement may be corrected by … the appellate court upon application or on its own initiative at any time…."). We direct the trial court to then forward the supplemental record to this Court within 14 days from the date the parties file their supplementation. Upon our timely receipt of the supplemental record, we will proceed to the merits of the parties' appeals.

Case remanded for the parties to supplement the record in the trial court with a properly certified, original trial transcript and trial exhibits within 14 days from the filing date of this memorandum. The trial court shall then forward the supplemental record to this Court within 14 days from the date the parties file their supplementation. Panel jurisdiction retained.